IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John W. GIBSON, Attorney at Law.

Supreme Court

*No. 97–1402–D. Filed November 4, 1997.*

(Also reported in 570 N.W.2d 249.)

¶ 1.   PER CURIAM.   We review the referee's recommendation that the license of John W. Gibson to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That miscon-

duct consisted of continuing to practice law while suspended from membership in the State Bar, misrepresenting to an opposing party in litigation that his client had filed for bankruptcy, having clients sign blank bankruptcy petitions and forms, delegating to nonlawyer staff the decision whether and when to file bankruptcy petitions on behalf of clients and failing to supervise that staff properly, and opposing motions by the bankruptcy trustee to dismiss bankruptcy petitions for failure to include repayment plans.

¶ 2.   We determine that the recommended license suspension is appropriate discipline to impose for Attorney Gibson's professional misconduct established in this proceeding. This is the second occasion we have had to discipline him for professional misconduct. The misconduct here concerns his dishonesty in respect to parties in litigation and to the bankruptcy court.

¶ 3.   Attorney Gibson was admitted to practice law in Wisconsin in 1961 and practices in Madison. In 1985, the court suspended his license for 90 days as discipline for having made sexual advances to a woman client. *In re Disciplinary Proceedings Against Gibson,* 124 Wis. 2d 466, 369 N.W.2d 695.

¶ 4.   Attorney Gibson and counsel for the Board of Attorneys Professional Responsibility (Board) stipulated that the pleadings, including Attorney Gibson's admissions and no contest pleas in his answer to the complaint, set forth a sufficient basis for a recommendation for discipline and that a 60-day license suspension would be appropriate. The referee, Attorney Norman Anderson, recommended a 60-day license suspension based on his review of the matters set forth in the pleadings.

¶ 5.   While his membership in the State Bar was administratively suspended for failure to pay member-

190

ship dues, Attorney Gibson appeared in court representing clients and engaged in the practice of law while ineligible to do so, in violation of SCR 10.03(4) and (6)[1] and 20:8.4(f).[2] While representing a client in an eviction proceeding, Attorney Gibson told the plaintiff that a bankruptcy proceeding had been filed on behalf of his client. In response, the plaintiff canceled the eviction proceeding and told his counsel to pursue the matter in the bankruptcy proceeding. When the plaintiff learned later that no bankruptcy petition had

---

[1] SCR 10.03 provides, in pertinent part:

**Membership.**

. . .

(4)  Only active members may practice law. No individual other than an enrolled active member of the state bar may practice law in this state or in any manner purport to be authorized or qualified to practice law. A judge in this state may allow a nonresident counsel to appear in his or her court and participate in a particular action or proceeding in association with an active member of the state bar of Wisconsin who appears and participates in the action or proceeding. Permission to the nonresident lawyer may be withdrawn by the judge granting it if the lawyer by his or her conduct manifests incompetency to represent a client in a Wisconsin court or by his or her unwillingness to abide by the rules of professional conduct for attorneys and the rules of decorum of the court.

. . .

(6)  Penalty for nonpayment of dues. If the annual dues of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues may practice law during the period of the suspension.

[2] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(f)  violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;

been filed by the defendant, the plaintiff's attorney contacted Attorney Gibson, who then immediately filed his client's bankruptcy petition. That conduct constituted deceit or misrepresentation, in violation of SCR 20:4.1(a)[3] and 20.8.4(c).[4]

¶ 6.   In another bankruptcy proceeding, Attorney Gibson signed pleadings by which he affirmed that, after reasonable inquiry, they were well grounded in fact and not interposed for any improper purpose. However, Attorney Gibson had delegated the decision whether and when to file those pleadings to a nonlawyer employee, whom he failed to supervise properly. He or his staff had the client sign blank petitions, plans and schedules that were later filled in by himself or by his staff, and the petition was filed while he was vacation. Attorney Gibson and his staff failed to file timely a repayment plan and complete schedules. His subsequent opposition to a motion by the bankruptcy trustee to dismiss the bankruptcy petition for failure to file a plan was deemed frivolous by the court, and Attorney Gibson was ordered to pay a penalty and make restitution.

¶ 7.   In another bankruptcy proceeding, Attorney Gibson allowed his nonlawyer employee to decide to file

[3] SCR 20:4.1 provides, in pertinent part:

**Truthfulness in statements to others**

In the course of representing a client a lawyer shall not knowingly:

(a)   make a false statement of a material fact or law to a third person;

[4] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

a petition on behalf of the client, but that was done without the inclusion of a repayment plan or the necessary schedules. Attorney Gibson or his staff had that client sign blank petitions, plans and schedules, notwithstanding that the bankruptcy rules specified that the signature of a party certifies that the party has read the document and that it is well grounded in fact. A repayment plan was not filed timely for this client, and the bankruptcy court held Attorney Gibson's objection to the bankruptcy trustee's motion to dismiss the proceeding for failure to file the plan frivolous and required Attorney Gibson to reimburse the bankruptcy trustee and pay a penalty.

¶ 8. Attorney Gibson's conduct in these bankruptcy matters violated the rules requiring his supervision of nonlawyer assistants, SCR 20:5.3 (b) and (c).[5] In addition, his advancement of non-meritorious claims and contentions in opposing the bankruptcy trustees' dismissal motions violated SCR 20:3.1(a)(1)

---

[5] SCR 20:5.3 provides, in pertinent part:

**Responsibilities regarding nonlawyer assistants**
With respect to a nonlawyer employed or retained by or associated with a lawyer:

. . .

(b)   A lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and

(c)   A lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:

(1)   the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or

(2)   the lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

and (2),[6] he failed to give competent representation to the clients, in violation of SCR 20:1.1,[7] and he made misrepresentations, in violation of SCR 20:8.4(c).

¶ 9. As discipline for his misconduct in these matters, the parties stipulated and the referee recommended that Attorney Gibson's license to practice law be suspended for 60 days. We accept that recommendation as the appropriate response to this misconduct.

¶ 10. IT IS ORDERED that the license of John W. Gibson to practice law in Wisconsin is suspended for 60 days, commencing December 8, 1997, as discipline for professional misconduct.

¶ 11. IT IS FURTHER ORDERED that within 60 days of the date of this order John W. Gibson pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John W. Gibson to practice law in Wisconsin shall remain suspended until further order of the court.

---

[6] SCR 20:3.1 provides, in pertinent part:

**Meritorious claims and contentions**

(a)  In representing a client, a lawyer shall not:

(1)  knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law;

(2)  knowingly advance a factual position unless there is a basis for doing so that is not frivolous;

[7] SCR 20:1.1 provides:

**Competence**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

¶ 12. IT IS FURTHER ORDERED that John W. Gibson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 13. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE, did not participate.